## DES ARC BANK & TRUST COMPANY *v.* ERWIN.

### Opinion delivered December 11, 1911.

APPEAL AND ERROR—INSUFFICIENCY OF ABSTRACT.—Where appellant has not abstracted the pleadings or evidence, the presumption will be indulged that the chancellor was correct it his findings.

Appeal from Prairie Chancery Court; *John M. Elliott*, Chancellor; affirmed.

*J. G. & C. B. Thweatt*, for appellant.

1. It will not be denied that the lumber bought by appellee was used, and was in such shape that a mortgage lien could not be enforced against it. In such case the remedy is

in equity to fix a lien on the proceeds of the property. 36 Ark. 575; 42 Ark. 314; 72 Ark. 131.

2.   The evidence does not sustain the chancellor's findings.

*W. A. Leach,* for appellee.

1.   Where the appellant relies upon the insufficiency of the evidence to support the verdict of a jury or the finding of facts by a court, and fails to set out the evidence in his abstract, the case, on appeal, will be affirmed. 93 Ark. 426; 90 Ark. 393; 89 Ark. 349; 87 Ark. 202; 75 Ark. 571. See also 79 Ark. 85; 76 Ark. 217; 74 Ark. 320; 58 Ark. 446; 57 Ark. 304.

2.   The court found that the mortgagor retained possession of the mortgaged property, with power of sale, and did sell the same in the usual course of business and on their own account. The mortgage was, therefore, fraudulent and void as to subsequent purchasers and creditors. 46 Ark. 122; 41 Ark. 186; 39 Ark. 325. The court found also that the property was sold with the knowledge and consent of the mortgagee. Appellee obtained a good title, whether he knew of the mortgage or not. 94 Ark. 165.

McCULLOCH, C. J. The decree in this case must be affirmed on account of appellant's failure to file an abstract of the record in accordance with Rule IX of this court. It appears that appellant instituted the action in the chancery court to foreclose a mortgage on lumber executed to appellant by the firm of Bock, Perkins & Company. Appellee had purchased a lot of the lumber from Bock, Perkins & Company, and used it in the construction of a barn. The answer of appellee tendered four issues: First, that Bock, Perkins & Company were not indebted to appellant in any sum; second, that the lumber purchased by appellee from Bock, Perkins & Company was not embraced in the mortgage; third, that the mortgage was void for the reason that the property had been left in the possession of the mortgagors with power to sell and dispose of same in due course of business; and, fourth, that the sale of the lumber to appellee was made with the knowledge and consent of appellant. On final hearing of the cause the chancellor found that Bock, Perkins & Company were indebted to appellant in a certain sum of money and that the lumber purchased by appellee was embraced in the mortgage but

that the mortgagors were permitted to retain possession of the mortgaged property and to sell same on their own account in the usual course of business and that the sale of the lumber to appellee was made with the knowledge and consent of appellant.

No attempt has been made to abstract the record. None of the pleadings in the case is abstraced, nor any of the testimony except a brief extract from the testimony of two of the witnesses. It is impossible for the court to determine whether the decree was in accordance with the preponderance of the evidence, and the presumption must therefore be indulged that the chancellor was correct in his findings.

Decree affirmed.